DANIEL E. SCOTT, J., concurring.
I concur in our decision to reverse and remand as to Appellant. There are few hard-and-fast rules on the issues before us. The reported decisions are notoriously fact specific. Our Eastern District stated it well:
"The circumstances of a particular case hold great weight in determining whether an indigent parent was unjustly denied the right to counsel in termination of parental rights proceedings." [citations omitted] Even the Supreme Court of the United States has acknowledged that TPR cases present facts and circumstances "susceptible of almost infinite variation," and therefore "[i]t is neither possible nor prudent to attempt to formulate a precise and detailed set of *403 guidelines to be followed in determining when the providing of counsel is necessary to meet the applicable due process requirements." [citations omitted]
In re J.S.W. , 295 S.W.3d 877, 882 (Mo. App. 2009).
With this in mind, a confluence of factors (the first of which arguably affecting the rest) leads me to conclude there was a failure of due process here:
• a termination hearing held 11 weeks earlier than originally scheduled, with only 12 days prior notice to anyone,
• Appellant's counsel seeking and being allowed to withdraw without prior notice to Appellant, immediately followed by
• an essentially default termination of Appellant's parental rights, and
• my inability to glean from the sparse record that Appellant, by her actions, clearly and affirmatively rejected or waived her court-appointed counsel.[1]
Because courts exercise "awesome power" in terminating parental rights ( J.S.W. , 295 S.W.3d at 882 ), I would err this time on the side of assuring due process.
Despite this process concern, I acknowledge counsel's dilemma and hesitate to fault him for seeking to withdraw. Just 12 days earlier, the court on its own motion had eliminated 86% of available time for counsel, who had not represented Appellant in the prior abuse/neglect proceedings, to prepare for a TPR trial or even to make contact with Appellant, which never happened despite seemingly reasonable efforts. Could counsel have effectively, and thus ethically, represented Appellant under such circumstances? Recall the next appointed attorney's initial difficulties contacting Appellant (note 1 supra ).
At least in this case, any advantage of moving a TPR hearing date up so far and so fast seems far outweighed by the resulting risks and difficulties.

That said, I note that Appellant's next appointed attorney soon also moved the trial court for leave to withdraw, citing his inability to contact Appellant despite repeated attempts. The record suggests they did make contact shortly thereafter, such that new counsel's motion was passed and never ruled.